# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN NATIONAL GENERAL INSURANCE COMPANY, a Missouri Corporation, | : : : | |
| Plaintiff, | : | |
| vs. | : | CA 09-0172-CG-C |
| JONATHAN BRIAN CHILDERS, et al., | : : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for default judgment (Doc. 24), therein requesting that this Court enter a default judgment against defendant Jonathan Brian Childers. This motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(3).[1]  Upon a review of the entire file, the Magistrate Judge enters the following report and recommendation.

## FINDINGS OF FACT

---

[1]      Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), defendant Childers does not have an opportunity to file objections. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

1.      Plaintiff filed a complaint for statutory interpleader and declaratory relief in this Court on March 30, 2009. (Doc. 1) Therein, plaintiff admitted to owing $50,000.00 in insurance policy benefits based upon an automobile accident that occurred on January 9, 2009 in Baldwin County, Alabama but contended that it was "in doubt as to the amount to be paid each individual defendant and the amount to be paid on any hospital liens that may have arisen from treatment provided to any defendant on account of the automobile collision[.]" (*Id*. at ¶ 20; *see also id*. at ¶ 12)

WHEREFORE, premises considered, Plaintiff requests the Court to:

A.      Order the plaintiff to deposit the total policy proceeds of $50,000 with the Court;

B.      Order the defendants to interplead and settle between themselves their rights to the money due under the policy and deposited with the Court;

C.      Order that the plaintiff be discharged from all liability in the premises and released from this case;

D.      Grant the plaintiff such other, further relief to which the Court may deem it to be entitled.

(Doc. 1, at 5)

2.      Defendant Jonathan Brian Childers was served with the complaint on April 13, 2009, thereby making his answer due on or before May

2

4, 2009. (*See* Doc. 7)

      3.     On May 1, 2009, Childers filed a *pro se* motion for an extension of time to answer the complaint. (Doc. 16) That motion was granted by order dated May 5, 2009 and defendant Childers was ordered to answer the complaint on or before June 3, 2009. (Doc. 17)

      4.     Childers did not file an answer by June 3, 2009 and, in fact, has not filed an answer to date. (*See* Docket Sheet) Therefore, on June 29, 2009, plaintiff made application to the Clerk of Court for entry of default against Childers (Doc. 20) and the Clerk of Court made his entry of default against Childers on July 16, 2009 (Doc. 23 ("Pursuant to Rule 55(a), FRCP, DEFAULT is hereby entered by the Clerk against the Defendant, Jonathan Brian Childers, for failure to plead or otherwise defend.")).

      5.     Plaintiff filed the instant motion for default judgment on July 24, 2009. (Doc. 24)[2] Thereafter, in response to the undersigned's orders dated July 29, 2009 (Doc. 26) and August 20, 2009 (Doc. 28), plaintiff deposited the $50,000.00 in insurance proceeds into the registry of the Court on September 1, 2009 (Doc. 29).

## CONCLUSIONS OF LAW

---

[2]     It is clear that the remaining interpleader defendants have agreed to a division of the insurance proceeds. (Doc. 21, at ¶ 3)

3

1.     Prior to reaching the merits of plaintiff's motion for default judgment, the undersigned considers whether this Court has subject matter jurisdiction and whether it can exercise personal jurisdiction over the parties. *See, e.g., Sun Life Assurance Co. of Canada v. Conroy*, 431 F.Supp.2d 220, 224 (D. R.I. 2006) ("As an initial matter, when judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties."). Plaintiff filed this statutory interpleader action pursuant to 28 U.S.C. § 1335, "which affords federal subject matter jurisdiction over 'any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, "are claiming or may claim to be entitled to such money or property," if the plaintiff has deposited the money or property with the court.'" *Valley Forge Life Ins. Co. v. Rockmore*, 2008 WL 1805450, *1 (M.D. Ga. 2008), quoting *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2nd Cir. 1983), in turn quoting 28 U.S.C. § 1335(a)(1).  In addition, "[p]ersonal jurisdiction over statutory interpleader claimants is available through the nationwide service of process provisions of 28 U.S.C. § 2361." *Rockmore, supra*.

4

2.      The undersigned finds that this Court may exercise subject-matter jurisdiction in this action because the insurance proceeds exceed $500, two or more adverse claimants are of diverse citizenship (*see* Doc. 1, ¶¶ 2-4 & 6 (establishing that defendant Childers is a resident citizen of Alabama, defendant James D. Bennett, Jr. is a resident citizen of Kansas, defendant Thomas W. Journell is a resident citizen of Ohio, and that defendant Roger Puterbaugh is a resident citizen of Wisconsin)), and plaintiff has now deposited the *res* into the registry of this Court (*see* Doc. 29). Additionally, this Court has personal jurisdiction over all defendants since they have all been served with process in the United States. (*See* Docs. 7-11) In light of the foregoing, this Court may consider the merits of plaintiff's motion for default judgment.

3.      There are two separate steps in the process for obtaining a default judgment. *See, e.g., Elektra Entertainment Group v. Freeman*, 2007 WL 1837130, *2 (M.D. Ala. 2007). The moving party must first seek, as plaintiff has done in this case (Docs. 20 & 23), the entry of default by the clerk of court, *compare id. with* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter

the party's default."), and then the moving party may, again as plaintiff has done (Doc. 24), make application for entry of default judgment, *Travelers Cas. & Surety Co. of America, Inc. v. East Beach Development, LLC*, 2007 WL 4097440, *1 (S.D. Ala. 2007) ("'First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.' . . . The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

4.      Since plaintiff has successfully completed this two-step process and defendant Jonathan Brian Childers has failed to answer the interpleader complaint and assert a claim to the insurance proceeds, he has forfeited "any claim of entitlement that might have been asserted[,]" *Conroy, supra,* 431 F.Supp.2d at 226 (citations omitted) and entry of default judgment is appropriate, *compare id. with Rockmore, supra*, at *1 ("In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res."). In this case, the remaining interpleader defendants are entitled to the *res*. Accordingly, the undersigned

6

recommends that the Court take the following steps: (1) enter default judgment against defendant Childers and in favor of the plaintiff; and (2) order plaintiff American National General Insurance Company discharged from further liability under the subject policy by reason of the automobile accident which occurred in Baldwin County, Alabama on January 9, 2009 involving all of the interpleader defendants. *See Rockmore, supra,* at *2 ("[I]t is hereby ordered that: (1) default judgments be entered against Defendants Strickland and Ridings and in favor of Defendant Rockmore; (2) the proceeds of the insurance policy, which have been deposited into the Registry of the Court, are to be paid to Defendant Rockmore; (3) Defendants Strickland and Ridings are restrained from instituting any action against Plaintiff Valley Forge affecting the life insurance benefits that are being paid to Defendant Rockmore; and (4) Plaintiff Valley Forge is discharged from further liability under the policy by reason of the death of Henry D. Ridings."). The proceeds of the insurance policy, which have now been deposited into the registry of this Court and about which the remaining defendants have agreed upon an equitable division (*see* Doc. 21), will be the subject of a separate order.

## **CONCLUSION**

The Magistrate Judge recommends that the motion for default judgment

7

filed by plaintiff American General Insurance Company against defendant Jonathan Brian Childers (Doc. 24) be **GRANTED** and that plaintiff be discharged from further liability under the subject insurance policy by reason of the automobile accident which occurred in Baldwin County, Alabama on January 9, 2009 involving all of the interpleader defendants.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** and **ORDERED** this the 2nd day of September, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.